IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| THOMAS SAWYER, <br> TDCJ No. 579557 <br><br> Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN[1], Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | §§§§§§§§§§§§§ | Civil Action No. 7:19-cv-00050-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a habeas corpus case that was referred to the undersigned automatically pursuant to Special Order 3 on May 16, 2019. ECF No. 3. Petitioner Thomas Sawyer ("Sawyer"), an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. Before the Court are the following pleadings filed by Sawyer: Petition for Writ of Habeas Corpus (ECF No. 1), Objection (ECF No. 19), Emergency Motion for Hearing (ECF No. 22), Motion to Compel Discovery (ECF No. 23), and Motion for Discovery and Motion to Appoint Counsel (ECF No. 24).

After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Sawyer's Petition for Writ of Habeas Corpus (ECF No. 1) and **DENY AS MOOT** his remaining pending pleadings.

---

[1] Bobby Lumpkin succeeded Lorie Davis as Director of the Texas Department of Criminal Justice, Correctional Institutions Division, on August 11, 2020. Mr. Lumpkin "is automatically substituted as a party" under Fed. R. Civ. P. 25(d).

**I.     Background**

In his petition, Sawyer challenges the validity of disciplinary action no. 20180197992 that charged him with sexual misconduct. ECF No. 1 at 5. According to Respondent, Sawyer was found guilty of the disciplinary offense of "masturbat[ing] in public," a Level 2, Code 20 violation. ECF No. 11-2 at 4. Sawyer states that "if his memory serves" him, his disciplinary case resulted in 360 days of good-time credit lost, reduction in line class from "one or two" to L3, ninety days of telephone restriction, forty-five days of cell restriction, forty-five days of recreation restrictions, and ninety days of contact visit restriction. ECF No. 1 at 5.

However, according to the Administrative Record and as Sawyer later admits, the case resulted in his losing forty-five days of good-time credit and receiving forty-five days of telephone restrictions in addition to the other reductions and restrictions Sawyer claims. ECF Nos. 11-2 at 3 and 20 at 3. Sawyer contends that by taking away forty-five days of good-time credit, Respondent has increased his "prison term by one (1) year automatically" and due to the disciplinary case, he would no longer be released in June of 2019, but would instead be released in August of 2020. ECF No. 20 at 3. Yet, despite Sawyer's claims of when he would have been released, the TDCJ website states that he is not projected to be released from his first conviction until 2024. *See* Offender Information Details, TDCJ, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=02072275 (last visited September 24, 2020).

In support of his petition, Sawyer claims:

1. his conviction violates the first, fifth, and fourteenth amendments because there was insufficient evidence to support the disciplinary hearing outcome;

2. the disciplinary hearing officer ("DHO") prohibited him from presenting documentary evidence during the hearing and failed to provide him with a copy of the case;

3. there was no preliminary investigation done within twenty-four hours or at any point for the hearing;

4. the grievance officer violated his first, fifth, and fourteenth amendment rights by not addressing his grievances against two TDCJ guards; and

5. the charging officer introduced false evidence at his hearing, which he could not refute because the hearing officer refused to view the videotape.

ECF No. 1 at 6-11.

II.   ANALYSIS

At the outset, the Court must determine whether Sawyer had a liberty interest that was at stake in the disciplinary hearing at issue. Sawyer was convicted of voluntary manslaughter with a deadly weapon on November 9, 1990, in the 347th District Court of Nueces County, Texas, in Case No. 86-cr-2667-H, and is currently serving a thirty-five-year sentence. ECF No. 1 at 2. He was later convicted of delivery of a controlled substance on May 15, 1991 in the same court, in Case No. 89-cr-2668-H, and was sentenced to a fifty-year prison term. *Id.* Respondent argues that because Sawyer has concurrent sentences, and is eligible for mandatory supervision following one of the sentences but not the other, his liberty interest does not vest, if at all, until he fully serves the sentence for which he is not eligible for mandatory supervision. ECF No. 18 at 6 (citing *Jones v. Thaler*, No. 2:06-CV-0282, 2010 WL 997383, at *4 (N.D. Tex. Feb. 23, 2010), rec. adopted, No. 2:06-CV-282, 2010 WL 996544 (N.D. Tex. Mar. 18, 2010)).

However, this Court has previously held that Sawyer has a liberty interest because while he is not eligible for release on mandatory supervision following completion of his current thirty-

five-year sentence for manslaughter with a deadly weapon, he will be eligible for mandatory supervision following completion of his fifty-year sentence for delivery of a controlled substance. *Sawyer v. Stephens*, No. 7:15-cv-00091-O (N.D. Tex. Nov. 6, 2015) (ECF No. 11 at 2). Moreover, *Jones* does not apply in this case. In *Jones*, the Court held that since the petitioner would serve his ineligible conviction after his eligible conviction, the loss of good-time credits "*would not* affect the duration of petitioner's confinement" and therefore the petitioner has no liberty interest claim. *Jones*, 2010 WL at *4 (emphasis in original). Unlike the petitioner in *Jones*, Sawyer is first serving his ineligible mandatory supervision conviction before serving his eligible mandatory supervision conviction. *See* Offender Information Details, TDCJ, https://offender.tdcj.texas.gov/Offender Search/offenderDetail.action?sid=02072275 (last visited September 24, 2020). Therefore, Sawyer had a constitutionally protected liberty interest at stake during the disciplinary proceeding as his loss of good-time credits could affect the duration of his confinement. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (state may create constitutionally protected liberty interest requiring higher level of due process where good-time credits are forfeited in disciplinary action against inmate eligible for mandatory supervision). Nevertheless, Sawyer has failed to show that he is entitled to issuance of a writ of habeas corpus.

      A.    **The minimum procedures required by the Due Process Clause were met.**

When a prisoner has a protected liberty interest in the loss of accrued good-time credits, the revocation of those credits must comply with the minimum procedures required by the Due Process Clause. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). These requirements include: 1) written notice of the charges must be given to the defendant at least twenty-four hours before the hearing; 2) the defendant must be able to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and 3) a written statement of the

hearing officer as to the evidence relied on and the reasons for any disciplinary action taken must be given to the defendant. *Id.* at 564-66.

Here, all three requirements were met. First, Sawyer was given more than twenty-four hours notice of his hearing. Sawyer was notified of his charge on March 30, 2018, at 5:10 AM. ECF No. 11-2 at 3. His hearing was then held on April 12, 2018, at 11:28 AM. *Id.* Since Sawyer was given more than twenty-four hours notice of his hearing, the first requirement was satisfied.

Second, Sawyer was afforded the opportunity to present evidence relevant to the charge. *Id.* at 3, 7, 9. Sawyer argues that he was not allowed to present the videotape of the preliminary investigation or the testimony of Sergeant Felder, Sergeant Waddell, Sergeant Johnson, and Offender Lawrence Williams at the hearing. *Id.* at 3, 7, 9-10. However, the DHO, Captain Miller, denied Sawyer's request to present the videotape and to call the four witnesses because he found the videotape and testimony to be offered by the four witnesses were irrelevant to the charge itself. ECF No. 11-2 at 3, 9-10. Captain Miller stated that he denied these requests because the videotape documented the preliminary investigation, not the alleged violation, and the prospective witnesses were not present at the time of the offense, and thus they could not provide evidence relevant to the charge. *Id.*

The DHO's denial of Sawyer's request to present the videotape and the four witnesses did not violate Sawyer's due process rights. *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) (citing *Wolff*, 418 U.S. at 566). Not only was Captain Miller within his authority to deny as irrelevant Sawyer's request to play the video and call the witnesses, but he was not required to state his reasons for refusing the evidence. *Id.* Furthermore, Sawyer was permitted to question his accuser through his counsel substitute and have Sergeant Felder's written statement read into the record. ECF No. 11-2 at 6, 9-10. He also was able to present relevant evidence such as his last 180 days of disciplinary history that showed a lack of similar code violations, a Line-1 status, and a

5

record of over eight years of accumulated good-time credit. ECF No. 18 at 11. Therefore, despite not being allowed to present the videotape and the testimony of the four witnesses, Sawyer was able to present relevant documentary evidence and testimony. Thus, the second requirement was met.

Finally, Sawyer was provided a written statement of the DHO's decision and the evidence that the DHO relied upon to reach that decision. In his second claim, Sawyer alleges that he was not provided a copy of the case by the disciplinary officer. ECF No. 1 at 8. However, the Administrative Record reflects that Sawyer refused to sign the receipt for the report. ECF No. 11-2 at 3. In the recording of the disciplinary hearing, Captain Miller can be heard stating "Offender Sawyer, here is a copy of the record of the hearing" at the end of the disciplinary hearing. ECF Nos. 14 and 18 at 12. Sawyer has not provided any evidence to overcome Captain Miller's statement on the recording that he gave Sawyer a copy of the record of the hearing. Therefore, considering Captain Miller's statement and the lack of evidence to the contrary, the third requirement was fulfilled.

      **B.**    **Sufficient evidence supports the DHO's finding that Sawyer committed the alleged offense.**

Sawyer contends that TDCJ's masturbation policy violates his rights under the first, fifth, and fourteenth amendments to the Constitution. ECF No. 1 at 6. Specifically, he argues that there was insufficient evidence to support the disciplinary hearing outcome as he was "masturbating in his assigned cell," which should not be considered "in public" for purposes of disciplinary rules. ECF Nos. 1 at 6 and 20 at 4. He contends further that the charging officer introduced false evidence at his disciplinary hearing, as he claims that it was the charging officer who "exposed herself to him" by removing the towel he had placed covering his cell. ECF Nos. 1 at 7 and 11-1 at 5-6.

It is not the Court's duty to retry all prison disciplinary disputes, but instead the Court must decide whether "any evidence at all" supports the actions taken by the prison officials. *Smith*, 659 F.2d at 545 (citation omitted). Here, evidence supports the actions taken by the prison officials. The DHO considered the charging officer's testimony and written report, Sawyer's counsel's questioning of his accuser, and Sergeant Felder's written statement. ECF No. 11-2 at 3, 9-10. The DHO found that evidence supported the charging officer's testimony that she removed the towel from Sawyer's cell after asking him twice to remove it and having him respond that she should take it down. *Id.* The evidence does not support Sawyer's allegation that she removed the towel to feed her own "voyerictic [*sic*] appetite." ECF Nos. 11-1 at 5 and 11-2 at 4. As the DHO based his decision on "some evidence" of guilt, any challenge to the sufficiency of the evidence must fail. *See White v. Jenkins*, 735 F. App'x 855, 856 (5th Cir. 2018) (citing *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001)).

Furthermore, Sawyer's allegation that the evidence is insufficient to support the DHO's finding because his assigned cell should not be considered "in public," is not a proper claim to be brought through a habeas corpus petition. The purpose of a habeas corpus petition is to seek relief from unlawful imprisonment or custody, not to challenge the constitutionality of TDCJ's policy that inmate cells are "in public" for purposes of prison sexual misconduct offenses. *Pierre v. United States*, 525 F.2d 933 (5th Cir. 1976).

### C. Sawyer had no constitutionally protected interest in his custodial classification, good-time earning status, recreation time, telephone usage, or commissary privileges.

Sawyer has no constitutionally protected interest in his custodial classification or in his good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally

7

protected liberty interest). Similarly, a reduction in good-time earning status will not support a due process claim because the timing of the inmate's release is too speculative to afford a constitutionally cognizable claim in a "right" to a time-earning classification. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Therefore, to the extent Sawyer's custodial classification was to improve in the future, the reset of his Line 3 custodial classification does not warrant due process protection.

Additionally, Sawyer's loss of recreation and telephone privileges, and imposition of a commissary restriction, are changes in the conditions of confinement and do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges rather than just arguing that these facts provide insufficient evidence. However, temporary restrictions such as those imposed against Sawyer do not raise such concerns. For these reasons, Sawyer's claims regarding loss of privileges other than his good-time credits should be denied.

> **D.    Sawyer has no federal habeas corpus claim for violations of TDCJ policies as federal habeas corpus relief is only available for the vindication of rights existing under federal law.**

Sawyer next alleges that Respondent violated either TDCJ policy or Texas law by not completing a preliminary investigation within twenty-four hours of the alleged violation. ECF No. 1 at 8. However, this allegation is not properly before the Court. Federal habeas corpus relief is available only for the violation of rights existing under federal law. *See* 28 U.S.C. § 2254(a); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Sawyer's complaints of violations of TDCJ policy do not implicate violations of federal law. Additionally, even if Respondent violated TDCJ policy as Sawyer claims, the failure to investigate within twenty-four hours does not

8

implicate due process for the purposes of awarding habeas relief. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *see also Martin v. Thaler*, No. C-12-305, 2013 WL 620376, at *6 (S.D. Tex. Jan. 22, 2013) (even if TDCJ policies concerning investigation and hearing were violated, petitioner not entitled to habeas relief). Therefore, Sawyer's allegations of violations of TDCJ policy are not cognizable under § 2254 and should be denied.

>   E.  **Sawyer's allegation that the Grievance Officer violated his first, fifth, and fourteenth amendment rights by not addressing his grievances against two TDCJ guards is the subject of separate proceedings that are not before the Court.**

Sawyer next contends that the Grievance Officer violated his first, fifth, and fourteenth amendments rights by not addressing the merits of grievance no. 2018117629 against Guard Johnson and grievance no. 2018123751 against Guard R. Stivers. ECF No. 1 at 10. However, Sawyer makes no mention in his Step 1 or Step 2 grievance at issue about the grievances he filed against Guard Johnson and Guard R. Stivers. *See* ECF Nos. 11-1 and 11-2. The Fifth Circuit requires that Texas prisoners exhaust the TDCJ grievance process before seeking federal habeas corpus review of disciplinary matters. *Gartrell v. Gaylor*, 981 F.2d 254, 258 n. 3 (5th Cir. 1993) (citations omitted). To exhaust his remedies with respect to these other grievances, Sawyer was required to present sufficient facts in support of his claims in both steps of the grievance process. *See Johnson v. Johnson*, 385 F.3d 503, 517-18 (5th Cir. 2004); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Accordingly, Sawyer did not exhaust his administrative remedies with respect to those other grievance claims, and they are not properly before the Court here.

>   F.  **Sawyer's Petition for Writ of Habeas Corpus should be denied, and thus, his subsequent filings are moot.**

Because Judge O'Connor should deny Sawyer's Petition for Writ of Habeas Corpus (ECF No. 1) on the merits for the reasons previously given, he also should deny as moot Sawyer's remaining motions and requests, including his Objection (ECF No. 19), Emergency Motion for

Hearing (ECF No. 22), Motion to Compel Discovery (ECF No. 23), and Motion for Discovery and Motion to Appoint Counsel (ECF No. 24).

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and **DENY AS MOOT** his Objection (ECF No. 19), Emergency Motion for Hearing (ECF No. 22), Motion to Compel Discovery (ECF No. 23), and Motion for Discovery and Motion to Appoint Counsel (ECF No. 24).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** September 24, 2020.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE